## WEAKLEY v. CITY OF JACKSON.

(Division B. Oct. 6, 1930.)

[130 So. 111. No. 28744.]

142

Ross R. Barnett, of Jackson, for appellant.

Louis M. Jiggitts and Powell, Harper & Jiggitts, all of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

W. L. Weakley, the appellant, was convicted in the police court of the city of Jackson upon an affidavit charging him with willfully and unlawfully disturbing the peace by fighting and making loud and unusual noises to the annoyance of others and by conducting himself in a disorderly manner, to-wit, by attacking one Virginia Weakley on a public street in the city of Jackson, contrary to the laws and ordinances in such cases made and provided. The case was appealed to the county court and there tried de novo and again appellant was convicted, and the case was appealed to the circuit court where the conviction was affirmed.

The appellant demurred to the affidavit upon the following grounds: "The affidavit does not describe the street where the annoyance occurred. The affidavit does not positively charge who was annoyed and further does not charge that any person was disturbed while in his home. The affidavit does not charge what the disorderly conduct consists of, and other things to be assigned at the hearing hereof." The demurrer was overruled, and, as stated, the appellant tried and convicted.

It is argued that there is no law or ordinance which justifies the conviction of the appellant upon this affidavit. It appears from the facts in proof that the appellant, on North street in the city of Jackson, had some difficulty with a woman, and that he pursued her and took her to a car and undertook to push her in the car, when she grabbed the top of the car with her hands, and the appellant knocked them loose and pushed her in the car and slammed the door against her foot, and that she had the car key and threw it into the street, and that three white boys were in the street at the time to witness

the affair and reported it to the police. One of the witnesses testified to what happened as follows:

"Q. Go ahead and tell just what you saw and what you did. A. We were going down to get some flashlight batteries and we saw Buster and we started over there where he was and we saw this negro man.

"Q. Which negro man? A. That one there, he was pushing a negro girl and she was trying to get away from him, he tried to put her in the car and she put her hands on top of the car and he knocked them off, or twisted them off, and dumped her on the floor of the car, and she chunked the key to the car out in the street but we wouldn't get it. She opened the door and stuck her foot out to get out and he slammed the door on her foot, so we left and went down on Capitol street and told the cop, and he said for us to go to the police station and we went up there and reported it."

The city introduced an ordinance providing that a violation of all criminal laws of the state occurring within the limits of the city, not amounting to felony, shall be deemed violation of the city ordinance and punishable as such, and also an ordinance which provided that it was an offense against the city to use boisterous, rude, offensive, obscene, or blasphemous language in any public place, or make, aid, countenance, or assist in making any improper noise, disturbing the peace, or to conduct oneself in any public place, or in any other place, to the annoyance of others. It is competent for the city to pass an ordinance to prevent breaches of the peace within the public streets and fights therein, and the proof in this case and the ordinance introduced make out a violation of the city ordinances; consequently the evidence was sufficient to sustain the charge contained in the affidavit. The judgment of conviction will be affirmed.

Affirmed.